IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JACKIE D. GALLARDO**                                                                      **PLAINTIFF**

**v.**                                    **No: 4:23-cv-00468-JM-PSH**

**Z LEMMONS,** *et al.*                                                                  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jackie D. Gallardo filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 22, 2023 (Doc. No. 2), while he was an inmate at the Pulaski County Detention Facility ("PCDF").[1]  Gallardo was granted leave to proceed *in forma*

---

[1] Gallardo is now in the custody of the Southwest Arkansas Community Correction Center in Texarkana, Arkansas.

*pauperis* ("IFP") and service was ordered on Defendant Correctional Officer Z. Lemmons (Doc. No. 3).

Lemmons filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Gallardo had not exhausted his claims against him before he filed this lawsuit. Doc. Nos. 13-15. Gallardo filed a response and notice (Doc. Nos. 17-18). Although notified of his opportunity to do so (Doc. No. 16), Gallardo did not file a separate statement of disputed facts. Accordingly, Lemmons' statement of undisputed material facts, Doc. No. 15, is deemed admitted.[2] *See* Local Rule 56.1(c). Lemmons' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that he is entitled to judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence

---

[2] Legal conclusions contained in Lemmons' statement of facts are not deemed admitted.

in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

Lemmons argues that he is entitled to summary judgment because Gallardo failed to exhaust his administrative remedies with respect to his complaint allegations before he filed this lawsuit. *See* Doc. No. 14. In support of his motion for summary judgment, Lemmons submitted an affidavit by Sergeant James Hill, a custodian of records for the PCDF (Doc. No. 15-1); Gallardo's Arrest and Booking Sheets (Doc. No. 15-2); grievances and requests filed by Gallardo during his

incarceration at PCDF (Doc. No. 15-3); and a copy of the PCDF's grievance policy (Doc. No. 15-4).

## A.     *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

The PCDF has a grievance procedure in place to permit inmates to file grievances and appeals and to assure them of written responses from facility officials in a timely and orderly manner without fear of reprisal or prejudice. Doc. No. 15-4 at 1. Any inmate may invoke the grievance procedures regardless of his security or

job classification, disciplinary status, or administrative or legislative decisions affecting the inmate. *Id.* at 3. An inmate may invoke the grievance procedure by submitting a written complaint regarding one of the following:

    a.    Actions taken by staff or other inmates that have the effect of depriving the inmate of a right, service, or privilege.

    b.    Allegations of abuse, neglect, or mistreatment by staff or other inmates.

    c.    Any other matter the inmate believes to be illegal, a violation of department rules and regulations, or unconstitutional treatment or condition.

*Id.* at 1-2. Grievances must be filed within 15 days after the grievance occurrence with the Grievance Officer or designee. *Id.* at 4. If, after being responded to by the Grievance Officer or designee, the inmate is not satisfied, he or she may appeal to the Chief of Detention within ten working days. *Id.* at 7. The entire grievance process must be completed within 30 working days unless a valid extension has been agreed upon or unforeseen circumstances have occurred. *Id.* at 8.

### B. *Gallardo's Complaint Allegations*

Gallardo alleges:

After going to hospital on 4/27/23 for blown out knee I had follow up with medical provider. On 4/30/23 about 2:15 p.m. Officer Lemmons who knew of problem and saw nurse wrapping knee with bandage/harmed my knee further. I am awaiting surgery from a fall in shower. CO Lemmons grabed me and pulled me out of door for no reason. All of this is on Body camera. His reason he said was I took a pen which I didn't I told him how he was and did hurt knee worse. His

words were I DON'T GIVE A FxxK The whole way back to unit. Check cameras pls

Doc. No. 2 at 4.[3] Gallardo signed his complaint on May 15, 2023, and it was postmarked May 18, 2023 (*id.* at 5-6). The Court received it and filed it on May 22, 2023 (*id.* at 1).

## C. *Relevant Grievances*

Gallardo was booked into the PCDF on February 17, 2023. Doc. No. 15-2 (booking sheet). In his affidavit, Sergeant Hill states that during Gallardo's incarceration at the PCDF, Gallardo submitted a number of requests and grievances. Doc. No. 15-1 at 1; Doc. No. 15-2. Before this case was filed on May 22, 2023, Gallardo submitted two grievances describing his complaint allegation that Lemmons hurt his knee. Those are described below.

On May 13, 2023, Gallardo submitted a standard grievance, stating: "I was in medical about knee and cco LEMMONS PULLED ME AND HURT MY KNEE THAT I NEED SURGERY ON. VERY UNPROFESNAL. NOW IM HURT WORSE. TOLD ME HE DIDN'T GIVE A F***. PLZ HELP." Doc. No. 15-3 at 23. On May 20, 2023, Deputy Kristin McCann responded, asking Gallardo to provide more detailed information. *Id.* He did not respond to her request or submit an appeal, but instead closed the grievance on May 21, 2023. *Id.*

---

[3] Gallardo's complaint and grievances are transcribed verbatim without any corrections for misspellings or mistakes.

The same day (May 21, 2023), Gallardo initiated a new grievance, stating:

> this is more info you ask for concerning Z Lemmons. pushing and pulling me through door of medical. On april 28th or 29th after returning from hospital I came to get lab on that Tuesday.. ON MONDAY I TOO WAS IN MEDICAL AND NOT GOING TO LIE, I PICKED UP A PEN OFF DESK TO WRIGHT SOMETHING DOWN. HOWEVER, THE FOLLOWING DAY AFTER GIVING PEN BACK TO LEMMONS HE HAD IN HIS MIND THAT I WAS A THIEF AND TOLD ME HE OUGHT TO BEAT MY A@@! I AM NOT SURE OF WHAT HE HAD GOING ON AT HOME BUT SHOULDNT BRING IT TO WORK. OBVIOUSLY I MAKE BAD DECISIONS OR I WOULDNT BE HERE, BUT I DOBT DESERVE TO BE HURT BECAUSE I PICKED UP A PEN THE DAY BEFORE. I ASK HIM FOR BADGE NUMBER HE REFUSED TO ANSWER AGAIN TELLING ME HE DIDN'T GIVE A f$$$ about hurting my already blown out knee from fall. dont know who gets these but it was wrong of him. im no animal. I self surrendered from court to get my life in order. not to be hurt by the deputys because of their problems. Just sayinng. I have reported this to US district courts and awaitin response. You cant treat people this way regardless period.. a writing pen really? anyway time was almost 3pm. check his body cam the court is going to. I may be in jail but I have an education and am prepared to use it. thank you and this is not meant to be threating just

*Id.* at 2.[4] On May 21, 2023, Michael Hagerty responded, "More information is needed." Gallardo did not respond to Hagerty's request or submit an appeal, but instead closed the grievance on May 22, 2023. *Id.* at 3.

---

[4] The Court notes that Gallardo may have filed this second grievance in an attempt to comply with Deputy McCann's request for more information instead of initiating a new grievance. However, even if that were his intention, he filed the additional grievance too late to exhaust his administrative remedies before initiating this lawsuit – he did not wait for resolution of his grievance before filing suit.

Gallardo grieved Lemmons' actions again on May 22, 2023 (*id.* at 24), and continued to do so through June 7, 2023, specifically noting that he had already filed a lawsuit against him. *Id.* at 3-4, 26, 28-29.

### D. *Exhaustion of Gallardo's Claims*

Although Gallardo submitted two grievances describing his complaint allegation that Lemmons injured his knee, he did not complete the grievance process with respect to either grievance before he filed this lawsuit. The PCDF grievance procedure states that staff should respond to a grievance within 10 days. When Gallardo submitted his May 13 grievance, he received a response on May 20 asking for more information. Instead of replying with that information, he closed the grievance and instigated a new one the next day, May 21. Meanwhile, he had already signed and mailed his § 1983 complaint initiating this lawsuit. His complaint was signed on May 15, post-marked May 18, and received by the Court on May 22. Gallardo did allow PCDF the time to process his May 13 grievance before he sued. And he submitted the next grievance on May 21, after he had already mailed his complaint. The May 21 and subsequent grievances Gallardo submitted cannot serve to exhaust his claims because they were submitted too late for him to receive a response addressing his complaints before he filed this lawsuit. The Eighth Circuit Court of Appeals has held that exhaustion must occur *before* a lawsuit is filed. *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003). *See also Tyler v.*

*Kelley*, No. 5:17CV00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018); *Dunahue v. Bolden*, No. 5:16CV00105 BSM/JTR, 2016 WL 7650673, at *2 (E.D. Ark. Dec. 19, 2016). Accordingly, Gallardo's lawsuit must be dismissed under the PLRA.

The Court further notes that even if the responses to Gallardo's grievances asking him for additional information were considered a final response to his grievance, he failed to appeal those responses. The PCDF's grievance procedure specifically provides that inmates may appeal a grievance response. And to satisfy the PLRA's exhaustion requirement, a prisoner must pursue "the prison grievance process to its final stage." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). *See also King v. Iowa Dep't of Corrs.*, 598 F.3d 1051, 1053 (8th Cir. 2010) (finding inadequate exhaustion when a prisoner failed to complete all steps of the prison's grievance procedure). Because Gallardo did not appeal any of the responses to his grievances, he failed to complete all steps of the grievance process with respect to the grievances he submitted before he filed this lawsuit and therefore failed to exhaust his administrative remedies.

### IV. Conclusion

Gallardo did not exhaust available administrative remedies before filing this lawsuit. Accordingly, Lemmons' motion for summary judgment (Doc. No. 13) should be granted, and Gallardo's claims should be dismissed without prejudice.

DATED this 17th day October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE